IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **COURTNEY MIXON on behalf of herself and all others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) **CIVIL ACTION NO.:** |
| **NOVO FITNESS, INC.,** | ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT

COMES NOW, Courtney Mixon, Plaintiff in the above-styled action, by and through counsel, and hereby files this lawsuit against Novo Fitness, Inc., for herself and for all other similarly situated employees, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action, shows the Court as follows:

1.

Defendant Novo Fitness, Inc. (hereinafter referred to "Novo") is a registered Georgia corporation with its principal office located at 6495 Woodbriar Lane, Midland, Georgia 31820. of business located in Muscogee County, Georgia. According to the most recent annual registration with the Georgia Secretary of State, Defendant Novo's agent for service of process is Elizabeth Kennedy, 376 Kodiak Trail, Fortson, Harris County, Georgia 31808.

2.

Defendant Novo Fitness, Inc. owns and operates a fitness studio located at 6713 Flat Rock Road, Suite 200, Midland, Georgia. Defendant is subject to the jurisdiction of this Court due to the business operated within the State of Georgia.

3.

Venue is proper in the United States District Court, Middle District of Georgia, Columbus Division.

4.

Plaintiff Courtney Mixon (hereinafter "Mixon") currently resides in Columbus, Muscogee County, Georgia.

5.

Within the last three years, Plaintiff has been employed by Defendant at its location on Flat Rock Road in Muscogee County, Georgia.

6.

Plaintiff Mixon has been employed by Defendant Novo to perform non-exempt non-managerial tasks as well as manual labor tasks.

7.

Defendant Novo is a women's fitness studio that offers a variety of fitness classes as well as sells athletic wear, accessories and various other items, in Midland, Georgia.

8.

Plaintiff Mixon was originally hired by Novo as Assistant Studio Manager in July of 2019. Subsequently, Plaintiff Mixon was promoted to Operations Manager in October 2019.

9.

During her employment with Novo, Plaintiff Mixon has been required to maintain the general upkeep of the studio; i.e., stock restrooms with toiletries, change the set-up of fitness studio rooms after class (in order to prepare for the next class), vacuum and other non-managerial and manual labor tasks.

10.

Plaintiff Mixon has, in her role as Assistant Studio Manager and (subsequently) Operations Manager for Novo, been responsible for ensuring the studio rooms were ready for use during upcoming classes, general tidying of the studio, cleaning the studio and restocking the restrooms, vacuuming, picking up Sam's Club orders, labeling new clothing and accessory items for sale and re-racking and straightening clothing in the retail section of the studio.

11.

At all times during her employment, Plaintiff Mixon was supervised by Ellen Cobb and Elizabeth Kennedy. Ms. Cobb and Ms. Kennedy are the co-owners of Novo and according to the Georgia Secretary of State's website, Ms. Cobb is the CEO and Ms. Kennedy is the CFO and Secretary of Novo Fitness, Inc.

12.

This action is brought pursuant to the Fair Labor Standards Act ("FLSA") under 29 U.S.C. §201, *et seq*., for general, compensatory, liquidated and punitive damages, to remedy willful violations of the wage provisions of the FLSA by the Defendant, which has deprived Plaintiff Mixon, as well as others similarly situated to Plaintiff Mixon, of their lawful compensation.

13.

This action is brought to recover unpaid compensation, in the form of regular wages and/or overtime compensation, owed to Plaintiff Mixon, as well as other current and former employees of Novo Fitness, Inc., who are similarly situated pursuant to the FLSA.

14.

Defendant Novo is subject to the FLSA through its enterprise coverage as an entity which has "employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce." 29 U.S.C. § 203 (s)(1)(A)(i).

15.

In her employment with Novo, Plaintiff Mixon has been involved in the handling, selling and working on goods and/or materials that have been moved in or produced for commerce. Plaintiff Mixon's work was closely related and directly essential to the handling, selling and otherwise working in goods and/or materials for interstate commerce. Plaintiff Mixon is individually covered under the FLSA.

16.

For at least three years prior to filing this Complaint, Defendant Novo has had a uniform policy and/or practice of consistently requiring the non-exempt employees, (such as Plaintiff Mixon) who work within the fitness studio, to perform their duties without regular or overtime compensation.

17.

In addition to requiring non-exempt employees to perform their duties without regular or overtime pay, Novo willfully misclassified Plaintiff Mixon as exempt when in fact her duties remained the same when her job title changed from Assistant Studio Manager to Operations Manager.

18.

Plaintiff Mixon's schedule was set by her direct supervisors, Ms. Cobb and Ms. Kennedy. Plaintiff Mixon was often required to perform work outside her scheduled shift and Plaintiff Mixon was considered part of "team no days off" (*See Exhibit A*).

19.

Although Plaintiff Mixon was given a schedule and number of hours she was expected to

work, she was often required to remain available at all hours and attend meetings for which she did not receive compensation. In addition, said meetings were not included in the number of hours regularly worked. Novo's actions resulted in a loss of wages and overtime compensation to Plaintiff Mixon. Defendant Novo benefitted from this practice because it lowered Novo's personnel costs and increased its profits.

20.

While employed part-time as Assistant Studio Manager, Plaintiff Mixon was often required to work more than 30 hours per week as well as additional work on the weekends.

21.

While employed full-time as Operations Manager, Plaintiff Mixon was required to work over and above 40 hours per week for most weeks in the past three years and she was also required to work one weekend per month, in addition to her hours worked during the week.

22.

The software used by Defendant Novo to monitor employees' time was known as "MindBody." On one occasion, Plaintiff Mixon worked her regularly scheduled shifts for the week, attended the weekly Friday meeting called by the owners of Novo (for which she was not compensated) and then finished her duties of general straightening up, cleaning, preparing the rooms for the next day's classes, vacuuming, restocking the bathrooms, etc. By the time Plaintiff Mixon was finished, she clocked out some time after 11:00 p.m. A few days later, Plaintiff Mixon was asked by Defendant Novo's payroll and financial manager Greg Cobb, why she was clocked out at such a late hour. He then informed her that she should be compensated in some manner (such as a Chick Fil A gift card) for the overtime she had worked. However, Plaintiff Mixon was never compensated in any manner for this overtime work.

23.

Mr. Cobb's statement to Plaintiff Mixon demonstrates knowledge on the part of Novo (through its representative Mr. Cobb) that Plaintiff Mixon was entitled to overtime. This practice of requiring staff, including Plaintiff Mixon, to attend meetings and be on call for hours and time periods in which they were not compensated demonstrates that Defendant Novo intentionally and willingly failed to pay Plaintiff Mixon, as well as other similarly situated employees, all wages and overtime earned.

24.

Defendant Novo has intentionally and repeatedly misrepresented the hours it required Plaintiff Mixon to work. Defendant Novo has willfully and intentionally failed to pay Plaintiff Mixon.

25.

Defendant Novo has failed to pay Plaintiff Mixon the full amounts she has earned in regular wages and overtime.

26.

There are a number of other similarly situated employees and former employees of Defendant Novo who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and would take the opportunity to join the present lawsuit.

27.

Defendant Novo has engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff Mixon, and other similarly situated employees and former employees, in accordance with §207 of the FLSA.

28.

Plaintiff Mixon, and other similarly situated employees and former employees, have suffered damages in an amount to be proven at trial through Defendant's actions, as Defendant has failed to pay appropriate wages and overtime compensation earned in accordance with the requirements of the FLSA. Furthermore, Defendant Novo has not acted in good faith.

29.

In addition to the amount of unpaid wages owed to Plaintiff Mixon, as well as all other similarly situated employees and former employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), as well as any pre-judgment interest due.

30.

Plaintiff Mixon, and all others similarly situated, are entitled to an award of attorneys' fees, expenses and costs for the filing of this lawsuit, pursuant to 29 U.S.C. §216 *et seq*.

WHEREFORE, Courtney Mixon, Plaintiff, individually and on behalf of all others similarly situated, pursuant to §216(b) of the FLSA, respectfully requests the following.

1. That summons issue, and the Defendant be served and required to answer within the time required by law;
2. At the appropriate time, Plaintiff be allowed to issue notice, or allow the Court to issue notice, to Defendant's employees and former employees who are similarly situated and who, during the three years immediately preceding the filing of this suit, were also paid less compensation than was earned and/or were not paid overtime as described herein in violation of the FLSA;
3. That Plaintiff be awarded damages in the amount of her respective unpaid compensation

and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), as well as prejudgment interest;

4. An award of reasonable attorneys' fees, including costs and expenses incurred herein; and

5. Such other relief which the Court deems Plaintiff may be entitled, including but not limited to, injunctive or equitable relief.

6. Plaintiff Mixon hereby demands a trial by jury.

Respectfully submitted this 29th day of October 2020.

THE FINLEY FIRM, P.C.

*/s/ Abigail W. Miller*
Travis C. Hargrove
GA Bar No. 141374
thargrove@thefinleyfirm.com
Abigail W. Miller
GA Bar No. 142820
amiller@thefinleyfirm.com
*Counsel for Courtney Mixon*

200 13th Street
Columbus, Georgia 31901
T: (706) 322-6226
F: (706) 322-6221