IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| COURTNEY MIXON, on behalf of Herself and all other similarly situated, | * * * | |
| Plaintiff | * * | |
| v. | * * | CA NO.: 4:20-CV-269-CDL |
| NOVO FITNESS, INC., | * * | |
| Defendant. | * | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT AND STIPULATION TO DISMISS ACTION WITH PREJUDICE**

**I. INTRODUCTION**

This case was filed as an action for alleged overtime owed under the Fair Labor Standards Act ("FLSA"). The named Plaintiff, Courtney Mixon, ("Mixon" or "Plaintiff") filed this lawsuit on November 17, 2020 against her former employer, Novo Fitness, Inc. ("Novo" or "Defendant"). Although this matter is styled as a collective action, the Plaintiff has not moved to conditionally certify this matter as a collective action, and no other individual has indicated an intention to opt-in to these proceedings. This lawsuit is in its early stages, as the Defendant has not yet filed its Answer. Instead, the parties decided to mediate this case to resolve these claims, as well as the other pending litigation between the parties, with their respective counsel. Mediation was held on Monday, December 14, 2020 before Mediator and Attorney Mark Dehler for the entire day, and an agreement was reached to resolve both pending cases. The Parties hereby move the Court to approve the settlement and release of Mixon's pending FLSA claims, and to recognize the joint stipulation to dismiss this action with prejudice.

A.   **Citation of Authority**

Under the current case law in this Circuit, there are two (2) ways to effectively settle and release FLSA claims of employees. First, employees may settle and waive their claims under the FLSA if the process is supervised by the Secretary of Labor. 29 U.S.C. §216(c). Second, if a private lawsuit has been initiated, then the employee may rely upon the approval of the settlement by the District Court. Lynn's Food Stores Inc. v. U.S., 679 F.2d. 1350, 1355 (11th Cir. 1982). In the context of a private lawsuit, the parties must provide a stipulated judgment and establish the fairness of the settlement. Id. In Lynn's Food Stores, the Eleventh Circuit recognized:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employee provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F2d. at 1354.

The settlement of this action requires the District Court to issue its approval of the agreement to resolve and release Plaintiff Mixon's FLSA claims against Defendant. The proposed settlement arises out of a lawsuit that was adversarial in nature, and the Parties were both represented by experienced counsel throughout the process.

B.   **Background of this Lawsuit**

In the present case, the Parties agree that the disputed issues involve the payment of overtime wages under the FLSA. The Parties dispute whether Mixon was entitled to overtime

during her employment with Defendant. The Parties also dispute whether any other employee would be eligible to join this lawsuit as an opt-in Plaintiff, since no other eligible employee has been determined or expressed interest in these proceedings. Defendant Novo is a small business and contends that Mixon, who held a managerial role throughout her employment, was exempt from the FLSA's overtime requirements. Plaintiff Mixon contends she was not exempt. The Parties dispute whether Plaintiff Mixon could incur individual coverage under the FLSA. The Parties also dispute the availability of liquidated damages, as well as the number of overtime hours that Plaintiff Mixon had actually worked. Novo asserts that Mixon could not have worked overtime in January of 2020, as she was negotiating other employment and spent time at work copying a database of its clients' information.

Plaintiff Mixon began her employment on July 1, 2019 in a part-time role as Assistant Operations Manager for Defendant Novo. In October of 2019, she was promoted to Operations Manager. Novo contends both positions were supervisory, as Mixon managed the child care area, the front desk staff, as well as the teachers in its studio. Mixon alleged she worked various amounts of overtime during the six and a half (6.5) months of her employment, which she voluntarily resigned on January 21, 2020. After her departure, Mixon went to work for Solcioty. Both Solcioty and Mixon were sued by Novo in the Superior Court of Muscogee County (Civil Action File No. SC-20-CV-491) for tortious interference with business relations, breach of contract, computer theft and trespass under O.C.G.A. §16-9-93 and civil conspiracy, and violations of the Georgia Trade Secrets Act and conversion of property. This action sought general damages, punitive damages, attorneys' fees and injunctive relief. After depositions were taken in the Superior Court action, Mixon initiated this lawsuit, which sued Novo for alleged overtime owed. (Doc 1). Defendant Novo has not yet filed an Answer, which is currently due on January 4, 2021. (Doc 4).

The Parties' counsel discussed the disputed factual and legal issues, and they exchanged

offers over a mediation with an experienced mediator that lasted over seven (7) hours. Novo was represented by two attorneys (Ted Theus and Carter Schondelmayer), and Mixon was also represented by two attorneys (Travis Hargrove and Abby Miller). The Parties debated the merits and damages available in both claims. They directly considered and negotiated a reduction in damages liability in the Superior Court case for Mixon in exchange for the opportunity for Novo to settle the FLSA claims for a lesser amount. The Parties agree the settlement negotiated and reached by the Parties, with their counsel, reflects a reasonable compromise of all of the disputed issues. The Parties voluntarily agreed to the terms of their settlement agreements. As mentioned previously, both Parties were fully represented throughout the litigation and settlement process.

### C.    Summary of the Settlement

The Parties' FLSA Settlement Agreement and Release is attached as Exhibit "A". This is the main agreement. Additional documents relative to the Superior Court action, such as the entry of a consent order and prohibited contact list, have not yet been finalized with the Superior Court and may be provided to this Court if needed. This Motion is being filed prior to the finalization of that documentation due to the finality of the settlement of the FLSA claims and to ensure the timing relieves Defendant of the responsibility and fees necessitated in filing an Answer to the Complaint, as part of the settlement terms.

Prior to the mediation, Novo had made a demand to settle the Superior Court case for fifty-thousand dollars ($50,000.00), in addition to a request for permanent injunctive relief to prevent further solicitation of its client database that had allegedly been taken. The Parties debated the amount of client information that had been removed and provided to Solcioty. The Parties also debated the validity of the legal defenses available to Novo in the FLSA claims. The Parties directly considered the attorneys' fees expended thus far in both cases. As a result, the Parties resolved all pending claims together and reduced/attributed damages as follows: (a) Payment by

Solcioty to Novo of $5,000; and (b) Payment by Mixon to Novo for $5,000. The settlement included an agreement for permanent injunctive relief prohibiting the active solicitation of current Novo clients. Each Party also agreed to fully release all pending claims in both lawsuits, which were to be dismissed with prejudice. Finally, the Parties assumed all of their own mediation costs, attorneys' fees, as well as costs and expenses of the litigation incurred to date.

The Parties negotiated the value of this settlement and considered the FLSA claims directly. Multiple factual issues remain in addition to the legal defenses for the FLSA litigation. The Parties disputed the managerial role, the time clocked in by Mixon and the supervision of the teaching staff, the childcare staff and the front desk staff. Despite these issues, the Parties agreed the potential for attorneys' fees and other costs were significant. The Parties also considered the respective values of the FLSA claims compared to the values of the state law claims pending against Mixon. Each Party entered into this settlement with the understanding that settling both lawsuits together was necessary. The resulting agreement took into account the FLSA liabilities for wages and for attorneys' fees already incurred by both parties, the uncertainties of recovery, as well as the future costs and expenses of litigation. In the mediation, a meritorious dispute was considered and resolved between them, with the assistance of counsel. <u>Harris v. Waste Services of Alabama, LLC</u>, 2017 WL 6498146 (N.D.Ala. 2017) *citing Lynn's Food Stores, Inc., 679 F.2d. at 1355.*

The Parties respectfully request the Court recognize the bona fide dispute and the fair and reasonable resolution of these claims. A proposed Order is attached for the Court's convenience, as Exhibit B. The Parties jointly request the Court approve the settlement and dismiss the Plaintiff's claims with prejudice, per the stipulations of the parties prior to the filing of an Answer. *See* Fed.R.Civ. P. Rule 41(a)(1).

[*signatures contained on following page*]

Respectfully submitted this 23rd day of December 2020.

| THE FINLEY FIRM | PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C. |
|---|---|
| /s/ *Abigail W. Miller* | /s/ *Carter P. Schondelmayer* |
| Travis C. Hargrove | Carter P. Schondelmayer |
| Georgia Bar No. 141374 | Georgia Bar No.558998 |
| Abigail W. Miller | 1111 Bay Ave., 3rd Floor |
| Georgia Bar No. 142820 | Columbus, GA 31902 |
| T: 706-322-6226 \| F: 706-322-6221 | T: 706-324-0251 \| F: 706-323-7519 |
| thargove@thefinleyfirm.com | cps@psstf.com |
| amiller@thefinleyfirm.com | *Counsel for Defendant* |
| *Counsel for Plaintiff* | |