# EXHIBIT A

## SETTLEMENT AGREEMENT
## FULL AND GENERAL RELEASE OF ALL CLAIMS AND COVENANT NOT TO SUE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("this Agreement") is made and entered into by and between **COURTNEY MIXON** ("Employee" or "Mixon") and the **NOVO FITNESS, LLC**, its owners, any affiliated entities, its employees, agents, and representatives, as well as any successors and assigns **(collectively referred to as "Employer" or "NOVO")**. This Agreement constitutes a complete release and settlement of *Courtney Mixon v. Novo Fitness, LLC*, United States District Court for the Middle District of Georgia, Columbus Division, Civil Action File No. 4:20-CV-269 (CDL).

Both parties desire to enter into this Agreement and have agreed to the consideration of the mutual promises set forth below:

1. **Lawsuit:** The parties intend to hereby resolve all matters that were brought or could have been brought in the lawsuit filed, *Courtney Mixon v. Novo Fitness, LLC*, United States District Court for the Middle District of Georgia, Columbus Division, Civil Action File No. 4:20-CV-269 (CDL). This settlement also relates to and arises out of the settlement for a related matter, *Novo Fitness, LLC v. Courtney Mixon and CJT Bradley Park Fitness, LLC*, Superior Court of Muscogee County, Civil Action File No. SU20-CV-491.

2. **Effective Date:** The Parties agree this Agreement is effective as of the date of the settlement in mediation on December 14, 2020.

3. **Non-Admission of Liability or Wrongful Conduct.** This Agreement shall not be construed as an admission that the NOVO has acted wrongfully with any respect to Employee. NOVO specifically disclaims and denies any liability to or wrongful act against Employee or any other person on the part of itself, its employees or its agents.

4. **Consideration:**

    a. The Parties to the lawsuits referenced above have mediated these claims. The liabilities of both Lawsuits were considered in the resulting settlement payments and release of claims for all parties.

    b. **Employer:** NOVO has agreed to take a reduced settlement from Mixon in the Superior Court Lawsuit in order to fully extinguish the FLSA and any other claims made in this lawsuit.

    c. Each Party to this Agreement has agreed to assume responsibility for its/her own expenses, costs of litigations and attorneys' fees, including the costs of mediation incurred to date.

    b. **Employee:** In exchange for the consideration provided by the Employer, the Employee has agreed to comply with the following terms and issue a complete release of all claims held to date.

1

    i. <u>Dismissal:</u> Employee agrees to cooperate and file a Joint Motion to Approve Settlement and to Stipulate Dismissal with Prejudice of all claims pled in her lawsuit, *Courtney Mixon, on behalf of herself and others similarly situated v. Novo Fitness, LLC*, U.S. District Court of the Middle District of Georgia, Columbus Division, Case File No. 4:20-CV-269 (CDL) immediately. If the Court does not approve the settlement by December 31, 2020, the Parties agree to enter and file a Joint Stipulation for Dismissal prior to January 4, 2021.

    v. <u>Release:</u> Employee also agrees to enter into the Release, which is included herein as material consideration for this Agreement.

5. **Complete Release:** As a material inducement for the NOVO to enter into the terms of this agreement, Employee agrees the reduction of damages claimed in the Superior Court Lawsuit constitutes sufficient consideration. In return, Mixon agrees not to file any other complaints or lawsuits relating to her employment with or separation from employment with NOVO. Employee agrees to dismiss the pending lawsuit, Civil Action File No. 4:20-CV-269 with prejudice, and to release all claims pled. Employee also agrees not to receive any direct or indirect benefit for filing a Charge with any governmental entity.

By her signature below, Courtney Mixon hereby irrevocably and unconditionally releases, acquits and forever discharges NOVO, and all of its owners, employees, agents, officers, successors, assigns, agents, representatives, attorneys, and all person(s) acting by or in concert with any of them (collectively "NOVO Releasees") from any and all complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, worker's compensation claims, unemployment claims, discrimination complaints, EEOC Charges, and **any cause of action**, suits, rights, demands, costs, losses, debts and expenses of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to, rights to arising out of alleged violations or breaches of any contracts, express or implied, or any tort, or any legal restrictions on NOVO's employment of employees, or the alleged violation of any federal, state or other governmental statute, regulation, NOVO policy or ordinance - which Employee may now have, owns or holds, or claims to have, own or holds, or which Employee at any time heretofore had, owned or held, or claimed to have, owned or held, against each or any of the Releasees, at any time up to and including the Effective Date of this Agreement.

Specifically included in this release of all claims are any claims that were pled in the lawsuit filed by Mixon with the U.S. District Court for the Middle District of Georgia, Columbus Division, Case File No. 4:20-CV-269 (CDL), as well as any claim for attorneys' fees and costs. Mixon acknowledges that she is personally liable for payment of any fees or costs to date, and she unconditionally releases and discharges the NOVO from any claim for attorneys' fees and/or costs.

6. **Dismissal of Lawsuit:** The Parties have agreed to cooperate to request the Court's approval of the settlement, and Mixon has agreed to dismiss the above-referenced lawsuit with prejudice, and she agrees she has received sufficient consideration to warrant dismissal of her claims.

2

7.  **No Other Claims:** Employee represents that she has neither filed nor assigned to others the right to file any complaints or lawsuits against the NOVO Releasees with any Court. Employee further represents and agrees that she will neither file nor assign to others the right to file any complaints or lawsuits against the NOVO Releasees at any time hereafter for actions taken up to and including the Effective Date of this Agreement.

8.  **No Other Representations.** Employee represents and acknowledges that in executing this Agreement, Employee may have other obligations in the Superior Court lawsuit referenced herein. However, this lawsuit is to be fully extinguished by this Agreement. Mixon agrees and understands that she has legal counsel and has had the opportunity to seek legal advice on this Agreement.

**EMPLOYEE ATTESTS THAT SHE HAS READ THIS AGREEMENT CAREFULLY AND FURTHER ATTESTS THAT SHE UNDERSTANDS THAT THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AND IS VOLUNTARILY EXECUTED.**

EMPLOYEE

BY: _____
Courtney Mixon

Date: 12/22/2020

SWORN TO and subscribed before me
this 22 day of DEC, 2020

_____
Notary Public
My Commission Expires:

[Notary Seal: BETHANY STRINGFELLOW, MY COMMISSION EXPIRES NOV. 6 2021, MUSCOGEE CO., GEORGIA, NOTARY PUBLIC]

NOVO FITNESS, LLC

BY: _____
Elizabeth Kennedy

SWORN TO and subscribed before me
this 23rd day of December, 2020

_____
Notary Public
My Commission Expires:

[Notary Seal: EXPIRES GEORGIA JULY 25 2021]

<signatures continued>

3

BY: *Ellen Cobb* (signature)
Ellen Cobb

Date: 12/23/2020

SWORN TO and subscribed before me
this 23rd day of December, 2020

*Debra Pembrot* (signature)
Notary Public
My Commission Expires: _____

(Notary Seal: Georgia, Muscogee County, Expires July 25, 2021)

4